

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 28, 1951

Hon. W. A. Hadden                     Opinion No. V-1262
County Attorney
Pecos County                          Re: Maximum compensation of
Fort Stockton, Texas                      the County Judge of Pecos
                                          County under the submitted
                                          facts.

Dear Sir:

      You have requested an opinion relative to the compensation of the County Judge of Pecos County, who is also ex officio county superintendent of public instruction. The county officers of Pecos County are compensated on a salary basis.

      Pecos County has a population of 9,939 inhabitants and its county officers were compensated on a salary basis in 1948. Therefore, the maximum compensation allowed the county judge under Articles 3912e-12 and 3912g, V.C.S., is $6750.00 ($5400.00 plus $1350.00, or 25% of $5400.00).

      Under the provisions of Article 3888, V.C.S., as amended by Senate Bill 108, Acts 52nd Leg., 1951, ch. 200, p. 329, where the county judge acts as superintendent of public instruction, the county board of school trustees is authorized to pay the county judge a maximum of $2600.00 per year.

      You desire to know if the compensation provided in Article 3888 is to be included in the salary set by the Commissioners' Court under Articles 3912e-12 and 3912g, or in addition to such salary. In determining the answer to this question, we deem it advisable to review the legislative history of Article 3888.

      Article 3888 was originally enacted in 1897. It was codified in the 1911 revision as Article 3886, and provided:

      "In counties where a county judge acts as superintendent of public instruction, he shall receive such other salary as may be provided by the commissioners' court, not to exceed the sum of six hundred dollars per annum."

In construing this provision, it was held in Attorney General's Opinion 2310 (1921), Report and Opinions of Attorney General 1920-22, p. 497:

"Article 3886 provides that in counties where a county judge acts as superintendent of public instruction, he shall receive such other salary as may be provided by the commissioners court, not to exceed the sum of $600 per annum.

"Article 3893 provides that the commissioners court is debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in Chapter 4 of Title 58.

"Article 2763 provides that in each county in this State, having no school superintendent, the county judge shall be ex-officio county superintendent of public instruction, and shall perform all the duties required of the county superintendent.

"It is clear, therefore, that the compensation provided for the county judge, when acting as county superintendent, is ex-officio compensation within the meaning of Article 3893. Therefore, the county judge is not entitled to such compensation over and above his maximum compensation and excess fees provided for in Articles 3881 et seq. The county judge could not, under the Constitution, hold two offices (with certain exceptions, not including county superintendent), and hence his duties, when acting as county superintendent are simply additional duties as county judge, and the compensation for such services will be considered in arriving at his maximum by reason of Article 3893."

This compensation of the county judge acting as county superintendent was increased to $900 in 1920 (Acts 36th Leg., 3rd C.S. 1920, ch. 57, p. 100). The statute was codified in the 1925 revision as Article 3888, which read:

"In a county where the county judge acts as superintendent of public instruction, he shall receive for such services such salary not to exceed nine hundred dollars a year as the commissioners court may provide."

Article 3888 was again amended in 1935 by House Bill 66, Acts 44th Leg., 2nd C.S. 1935, ch. 447, p. 1732, so as to provide:

"In a county where the County Judge acts as superintendent of public instruction, he shall receive for such services such salary not to exceed Nine Hundred Dollars ($900) a year as the County Board of School Trustees of the respective counties may provide. The amount shall be paid in the manner specified in Chapter 49, Acts of the Forty-first Legislature, Fourth Called Session, and in Chapter 175, Acts of the Forty-second Legislature, Regular Session." (Emphasis added.)

Chapter 49, Acts 41st Leg., 4th C.S. 1930 (Art. 2700d-1, V.C.S.), referred to in Article 3888, provides in part:

"Section 1. That from and after August 31, 1930, the salary and office expenses of the county superintendent of public instruction and such assistants as he may have shall be paid out of the school funds of the common and independent school districts of the county.

"Sec. 2. That the County Board of Trustees shall annually on or before the first (1st) day of August hereafter order a scholastic per capita assessment against each school district within the County in sufficient amount to provide for the payment of the salary and office expenses of the County Superintendent and any office assistants he may have, as is now provided by law, or may hereafter be provided. And the said assessment when legally made and certified to the school districts of the County shall be paid by them for the purpose herein specified."

Chapter 175, Acts 42nd Leg., R.S. 1931 (Art. 2827a, V.C.S.), referred to in Article 3888, provides in part:

"Section 1. That, from and after August 31, 1931, it shall be the duty of the County Board of Trustees in each county in this State having an elective County Superintendent of Public Instruction to notify the State Superintendent and the State Board of Education, not later than September 1, of each scholastic year, of the amount of the State Available School Fund that should be

set aside from the per capita apportionment for
said county for the ensuing scholastic year for
the maintenance of the office of County Superin-
tendent in accordance with Law; provided, that
the amount to be set aside from the per capita
apportionment for said county shall include the
per capita apportionment for the districts of the
county that are now lawfully required, or that
may hereafter, by General Law, be required, to
contribute to said County Administration Ex-
pense Fund.

"Sec. 2. That the State Superintendent of
Public Instruction shall, on the order of the State
Board of Education, remit to the County Depos-
itory of each such county the amount of said
Available School Fund, to be deposited to the
credit of the Administration Fund of the County
for the purpose set forth in Section 1 of this Act;
provided, that the payments to the various coun-
ties may be made in two equal installments, the
first, on or before October 1, and the second, on
or before March 1, of each successive school
year."

In construing Article 3888, as amended in 1935, it
was stated in Attorney General's Opinion O-3026 (1941):

"With reference to Article 3888, supra, we
direct your attention to the fact that this article
has been long construed by this department as
being accountable as part of the maximum the of-
ficer could retain under the provisions of Article
3891, supra, and the county judge is not entitled
to the compensation provided by Article 3888 over
and above his maximum compensation arrived at
by reason of said Article 3891."

Article 3888 has been subsequently amended by Sen-
ate Bill 252, Acts 50th Leg., 1947, ch. 305, p. 519, and Senate
Bill 108, Acts 52nd Leg., R.S. 1951, ch. 200, p. 329. However,
these amendments contain no provision which alters the hold-
ing in Attorney General's Opinions 2310 and O-3026.

Therefore, in a "fee" county, the county judge can-
not retain compensation provided in Article 3888, V.C.S., in
addition to the maximum set by Articles 3883 and 3891, V.C.S.
It is our opinion that this construction of Article 3888 is equally

applicable to "salary" counties, for the following reasons:

Section 3 of Article 3912e, V.C.S., provides:

"In all cases where the Commissioners'
Court shall have determined that county officers
or precinct officers in such county shall be com-
pensated for their services by the payment of an
annual salary, neither the State of Texas nor any
county shall be charged with or pay to any of the
officers so compensated, any fee or commission
for the performance of any or all of the duties of
their offices but such officers shall receive said
salary in lieu of all other fees, commissions or
compensation which they would otherwise be auth-
orized to retain; provided, however, that the asses-
sor and collector of taxes shall continue to collect
and retain for the benefit of the Officers' Salary
Fund or funds hereinafter provided for all fees and
commissions which he is authorized under law to
collect; and it shall be his duty to account for and
to pay all such monies received by him into the
fund created and provided for under the provisions
of this Act; provided further, that the provisions of
this Section shall not affect the payment of costs
in civil cases by the State but all such costs so
paid shall be accounted for by the officers collect-
ing the same, as they are required under the pro-
visions of this Act to account for fees, commissions
and costs collected from private parties." (Em-
phasis added.)

By virtue of the underlined provision of Section 3 of
Article 3912e, the salary prescribed by the commissioners'
court is "in lieu of all other . . . compensation which they
[county officers or precinct officers] would otherwise be auth-
orized to retain."

The court, in Settegast v. Harris County, 159 S.W.2d
543 (Tex. Civ. App. 1942, error ref.), had before it a similar
question to the one presented in your request. In that case the
county treasurer was seeking to retain compensation received
under the provisions of Articles 8148 and 8221, V.C.S., earned
as treasurer of Drainage Districts and Navigation Districts in
addition to the salary set by the commissioners' court under
Section 19 of Article 3912e. The court held that the county treas-
urer could not retain the compensation received from the Drain-
age Districts and Navigation Districts, as the amount of salary

which could be paid the county treasurer was limited to the maximum salary provided in Section 19 of Article 3912e.

Although different statutory provisions were involved in the Settegast case, it is our opinion that the principle of law stated therein controls the question to be determined here. We, therefore, agree with your conclusion that the county judge cannot retain the compensation provided by Article 3888, V.C.S., in addition to the salary prescribed by the commissioners' court pursuant to Articles 3912e-12 and 3912g, V.C.S.

## SUMMARY

The compensation provided in Article 3888, V.C.S., to a county judge acting as ex officio county superintendent cannot be retained by the county judge in addition to the salary set by the commissioners' court pursuant to Articles 3912e-12 and 3912g, V.C.S. Art. 3912e, Sec. 3, V.C.S; Settegast v. Harris County, 159 S.W.2d 543 (Tex. Civ. App. 1942, error ref.); Att'y Gen. Ops. 2310 (1921), O-3026 (1941).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

By John Reeves
John Reeves
Assistant

Everett Hutchinson
Executive Assistant

Price Daniel
Attorney General

JR:b